**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------X   Case No. 18-cv-00907
ATA RAHMAN,

            Plaintiff,

                     **COMPLAINT**

   -against-


WILLIAMS & FUDGE, INC.,

            Defendant.
-------------------------------------------------------------------------X

   Plaintiff, by and through his attorneys, FAGENSON & PUGLISI, PLLC, upon knowledge as to himself and his own acts, and as to all other matters upon information and belief, brings this complaint against above-named defendant and in support thereof alleges the following:

## INTRODUCTION

   1. This is an action for damages brought by an individual consumer for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices.

   2. Further, this is an action for damages and injunctive relief brought by an individual consumer against defendant pursuant to New York General Business Law ("NYGBL") § 349 regarding defendant's deceptive acts and practices.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and supplemental jurisdiction exists over the NYGBL § 349 claims pursuant to 28 U.S.C. § 1367.

4. This Court has venue pursuant to 28 U.S.C. § 1391(b) in that plaintiff resides in this District and a substantial portion of the events or omissions giving rise to this action occurred in this District.

## PARTIES

5. Plaintiff is a natural person who resides in this District.

6. Plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3) as he is a natural person who is alleged by defendant to owe a financial obligation.

7. The financial obligation which defendant sought to collect from plaintiff is a debt within the meaning of 15 U.S.C. § 1692a(5) in that the obligation which defendant sought to collect from plaintiff is an allegedly defaulted student loan debt originally incurred, if at all, for personal, family or household purposes.

8. Plaintiff is a reasonable consumer within the meaning of NYGBL § 349 who acted reasonably under the circumstances alleged herein.

9. Defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

10. The principal purpose of defendant's business is the collection of defaulted consumer debts.

11. Defendant uses the mails in its business the principal purpose of which is the collection of defaulted consumer debts.

12. Defendant regularly collects or attempts to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

13. Upon information and belief, defendant is foreign business corporation incorporated in the State of South Carolina.

## FACTUAL ALLEGATIONS

14. Plaintiff re-alleges paragraphs 1-13 as if fully re-stated herein.

15. At some point in time, plaintiff is alleged to have incurred a student loan debt.

16. Defendant alleged that plaintiff incurred the debt as a co-signer.

17. The debt was alleged to have thereafter fallen into default.

18. Subsequent to the alleged default, defendant sent a collection letter to plaintiff.

19. Defendant's said collection letter was dated February 1, 2017.

20. In the letter, defendant informed plaintiff that the creditor of the debt was United Guaranty.

21. By the letter, defendant alleged it was attempting to collect the debt on behalf of United Guaranty.

22. Upon receipt of defendant's said letter, plaintiff consulted with his attorneys at Fagenson & Puglisi concerning the alleged debt and the collection letter.

23. On behalf of plaintiff, Fagenson & Puglisi sent a letter dated February 24, 2017 to defendant.

24. In said letter, Fagenson & Puglisi informed defendant that Fagenson & Puglisi represents plaintiff and that plaintiff disputes the debt.

25. In the said letter, Fagenson & Puglisi also requested that plaintiff not be contacted directly in connection with the collection of the debt.

26. Subsequent thereto, on or about March 3, 2017, defendant again communicated with plaintiff concerning the said alleged defaulted student loan debt by mailing to plaintiff documents concerning the debt.

27. Defendant sent said mail directly to plaintiff at his home.

28. Defendant knew that plaintiff was represented by Fagenson & Puglisi before defendant sent its mailing to plaintiff on or about March 3, 2017.

29. Defendant sent its said mailing directly to plaintiff notwithstanding its knowledge that plaintiff was represented by an attorney in the matter of the debt.

30. Upon receipt of defendant's mail sent on or about March 3, 2017 plaintiff was confused, upset, irritated and surprised that defendant would communicate with him directly despite defendant's knowledge that he was represented by counsel in the matter of the debt.

31. The receipt of the mail which defendant sent on or about March 3, 2017 caused plaintiff to fear that the representation of his attorneys was not effective and to seek and obtain further counsel from his attorneys as to the status of their representation of him.

<u>AS AND FOR A FIRST CAUSE OF ACTION</u>

<u>Improper direct communication with Plaintiff</u>

15 U.S.C. §§ 1692c(a)(2) and 1692e(10)

32. Plaintiff re-alleges paragraphs 1-31 as if fully re-stated herein.

33. Defendant knew that plaintiff was represented by Fagenson & Puglisi before defendant sent the mail of March 2017 directly to plaintiff at his home.

34. Defendant sent its said mail directly to plaintiff notwithstanding its knowledge that plaintiff was represented by counsel, thereby violating the FDCPA, § 1692c(a)(2).

35. Further, defendant is in violation of the FDCPA, § 1692e(10) in that defendant's conduct in contacting plaintiff directly after knowledge of attorney representation, constitutes a deceptive and misleading means used in an attempt to collect the debt and was an effort to mislead plaintiff into communicating with defendant directly in disregard of the representation of his legal counsel.

36. Communications from debt collectors, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

## AS AND FOR A SECOND CAUSE OF ACTION

## NYGBL § 349

37. Plaintiff re-alleges paragraphs 1 to 36 as if fully re-stated herein.

38. Defendant owed a duty to plaintiff to effect its collection of plaintiff's alleged debt with reasonable care.

39. Defendant breached its duty to collect plaintiff's debt with reasonable care.

40. In the exercise of reasonable care defendant ought to have ensured that for any account on which an attorney represented the consumer any communication by defendant was made with the attorney, and not with the consumer directly.

41. The fact that defendant contacted plaintiff directly regarding the same debt for which defendant had been informed that he had attorney representation indicates a failure on the part of defendant to comply with or to perform its duty to effect collection of the debt with reasonable care.

42. On information and belief, each month United Guaranty places dozens of student loan accounts of New York residents with defendant for collection.

43. Defendant's act of communicating with plaintiff directly is a deceptive act and practice.

44. Said deceptive act and practice was committed by defendant in the conduct of a business, trade or commerce or the furnishing of a service in the State of New York and constitutes a violation of NYGBL § 349.

45. Defendant's deceptive act and practice was consumer-oriented, in that defendant's act of communicating directly with a legally–represented consumer despite knowledge that he is represented by counsel was not an act limited to plaintiff's account, but extended to the accounts of other consumers which United Guaranty placed with defendant for collection and on which there was legal representation.

46. Defendant's said conduct of communicating directly with legally–represented consumers has a broad impact on consumers at large whose accounts are placed by United Guaranty with defendant for collection and who are represented by counsel in the matter of the collection of their United Guaranty student loan debt.

47. Defendant owes a duty to plaintiff and consumers at large to honor their right to legal representation and defendant's failure to honor plaintiff's said right resulted in defendant sending its said mail in March 2017 to plaintiff at his home, thereby improperly encouraging plaintiff to contact defendant directly about a debt for which he had the representation of counsel.

48. Therefore, defendant's failure to honor plaintiff's legal representation by its sending of the said mail to plaintiff at his home was deceptive and misleading in a material way.

49. Plaintiff is a reasonable consumer within the meaning of the NYGBL and acted reasonably under the circumstances of this case.

50. Upon receipt of defendant's mail in March 2017 after defendant had been informed that plaintiff was represented by Fagenson & Puglisi, plaintiff was confused, upset, irritated and surprised that defendant would continue to communicate with him directly despite defendant's knowledge that he was represented by counsel in the matter of the debt.

51. Defendant violated NYGBL § 349(a) by the sending of its mail in March 2017 directly to plaintiff and is liable to plaintiff under NYGBL § 349(h).

52. As a result of the above violations, defendant is liable to plaintiff in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a) awarding maximum statutory damages pursuant to 15 U.S.C. § 1692k;

(b) awarding actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at time of trial;

(c) awarding reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k;

(d) enjoining defendant from continuing to communicate with plaintiff directly, pursuant to NYGBL § 349;

(e) enjoining defendant from committing further deceptive acts and practices towards plaintiff, pursuant to NYGBL § 349;

(f) awarding actual damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

  (g)  in the alternative to (f), awarding statutory damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

  (h)  awarding reasonable attorneys' fees, costs and disbursements pursuant to NYGBL § 349(h); and

  (i)  for such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
   February 11, 2018.

             */s/ Novlette R. Kidd*
             NOVLETTE R. KIDD, ESQ. (NK 9339)
             FAGENSON & PUGLISI, PLLC
             Attorneys for Plaintiff
             450 Seventh Avenue, Suite 704
             New York, New York 10123
             Telephone: (212) 268-2128
             Nkidd@fagensonpuglisi.com